J-S43025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON DEVAU MCCLENDON | |
| Appellant | No. 59 WDA 2020 |

Appeal from the PCRA Order entered December 19, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0014747-2007

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 17, 2020**

Appellant, Brandon Devau McClendon, appeals from the order entered in the Court of Common Pleas of Allegheny County on December 19, 2019, following dismissal of his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  Appellant contends the PCRA court erred by denying relief because trial counsel's failure to call character witnesses constituted ineffectiveness.  Upon review, we affirm.

The record reflects that Appellant was charged with, and subsequently convicted of, attempted murder and aggravated assault stemming from the September 4, 2007 shooting of Elijah Posey while Posey was sitting in a parked car in Pittsburgh.  Quoting this Court's memorandum opinion on direct appeal, the PCRA court recognized that, "[t]o the police, Posey identified Appellant as his assailant, but he also made a statement to a hospital counselor that others

may have shot him. . . . At trial, Appellant's defense focused on the possibility that someone other than Appellant shot Posey." PCRA Court Opinion, 12/17/19, at 2 (quoting **Commonwealth v. McClendon**, 548 WDA 2010, unpublished memorandum at 2 (Pa. Super. filed November 15, 2011)).

By way of background, Appellant, who was 19 years old at the time of the shooting, was in an on-again, off-again relationship with 18-year-old Janya Jenkins, the mother of Appellant's daughter. Meanwhile, Jenkins had begun an intimate relationship with Posey, who was 41 years old. "Based on the police investigation, the Commonwealth alleged Appellant shot Posey due to a love triangle." **Id.**

Appellant's first trial resulted in a conviction that was reversed by this Court because "certain remarks made by the prosecutor during the Commonwealth's closing argument denied [him] a fair trial." **Id.** at n.2. Appellant was represented in his successful appeal by Carrie Allman, Esquire, of the Allegheny County Public Defender's Officer. Attorney Allman then defended Appellant on retrial in 2012. According to the PCRA judge, who also presided over both of Appellant's trials, "[t]he presentation of facts in the 2012 trial did not materially differ from those in the first trial in 2009." **Id.** at 3.

At the close of the prosecution's case on retrial, the trial judge explained to Appellant that he had no burden to carry and did not have to prove himself innocent. Notes of Testimony ("N.T."), Trial, 4/26/12, at 274-75. The judge explained that Appellant had the option of calling witnesses and indicated that

"there are fundamentally three types of witnesses[.]" *Id.* at 275. After explaining the role of eyewitnesses and alibi witnesses, and after Appellant indicated his understanding of both, the court stated:

> But perhaps the most powerful witness perhaps [*sic*] is what's called character witness, and what a character witness can talk about is your reputation in the community, not for what they did with you themselves, but your reputation from interacting with other people who know you in the community about specific character traits, like your character for being law abiding and your character for being peaceful and your character for any of a number of traits that they could speak to your character in the community.

*Id.* at 276. The court then asked Appellant if he understood and Appellant replied, "Yes, sir." *Id.* The court continued, "Now, I don't need to know whether or not you are going to call them, but have you had an opportunity discuss that option with counsel?" Again, Appellant replied, "Yes, sir." *Id.*[1]

Appellant was the sole witness for the defense. Ultimately, the jury returned convictions of attempted murder and aggravated assault. The trial court sentenced him to ten to twenty years in prison for attempted homicide, with no further penalty imposed for aggravated assault. After unsuccessfully pursuing a direct appeal from his sentence, Appellant filed a timely PCRA

---

[1] Similarly, the trial judge explained to Appellant the importance and benefit of calling character witnesses at the beginning of the defense case in Appellant's first trial. *See* N.T., Trial, 7/16/09, at 502-04. Appellant acknowledged his understanding, indicated he had discussed the topic of character witnesses with counsel, and stated he would not be calling character witnesses. *Id.* at 504.

petition. Counsel was appointed and filed amended petitions on Appellant's behalf. The gist of the argument raised in Appellant's petition was that Attorney Allman was ineffective for failing to call three character witnesses at Appellant's retrial.[2]

PCRA counsel requested an evidentiary hearing and the Commonwealth agreed a hearing was appropriate. The hearing was conducted on November 29, 2017. As of that time, Attorney Allman was employed in the Montgomery County Public Defender's Office. Because of a glitch in communications, Attorney Allman participated by audio conference. Although she was able to view the proceedings in Allegheny County, the PCRA judge, Appellant, and other participants in Allegheny County were unable to see her. Consequently, the court left it up to Appellant whether to proceed or to continue the hearing. Appellant chose to proceed. N.T., Evidentiary Hearing, 11/29/17, at 6.

During the hearing, counsel for Appellant asked Attorney Allman if she had discussed the use of character witnesses with Appellant. She replied that the issue was addressed both in one-on-one meetings in person on February 24 and March 16, 2012, and in writing by letter dated March 5, 2012. N.T., Evidentiary Hearing, 11/29/17, at 11. Counsel asked Attorney Allman if Appellant identified any potential character witnesses, and, specifically, if he

---

[2] Although Appellant also asserted ineffectiveness for failure to call a fact witness (Fred Morgan), Appellant is not pursuing that claim in this appeal.

mentioned Chalcy McClendon, Shamica McClendon, or Chris McClendon as potential character witnesses.[3]  Attorney Allman replied that Appellant did not identify any potential character witnesses and explained that she did not have any recollection of any of the mentioned names, nor did she have any reference in her notes to any of those individuals.  *Id.* at 11-12.  She indicated that family members attended the trial and that she spoke extensively with them throughout the trial concerning the status and procedure.  However, she did not recall "any conversations with them about them being character witnesses[.]"  *Id.* at 12.

Attorney Allman explained that she ultimately did not call any character witnesses.  When asked if Appellant indicated at the time of trial that he had people to present as character witnesses, she responded, "Not to my recollection.  My only recollection is that there was an on the record colloquy as to his right to testify and to call character witnesses, and he did in fact testify.  I don't recall any discussion about calling character witnesses at the time of trial."  *Id.* at 13.

On cross-examination, counsel for the Commonwealth asked Attorney Allman about the March 5, 2012 letter.[4]  Attorney Allman noted that beginning

---

[3] Chalcy and Christian are Appellant's siblings.  Shamica is his sister-in-law. N.T., Evidentiary Hearing, 11/29/17, at 17-24.

[4] The transcript reflects that participants in the hearing in Allegheny County had a copy of the March 5, 2012 letter.

- 5 -

in the third paragraph on page 2 and continuing through to the second to last paragraph on page 3, she addressed the issue of character witnesses, complete with citations to case law. *Id.* at 14. She testified that in the letter, "I suggested to him that he give me names and contact information." *Id.* at 14-15. She also testified as to her notes from three meetings with Appellant at the Allegheny County Jail. The notes from those meetings, which took place on February 16, February 24, and March 16, 2012, "reflect that we talked about character witnesses at those meetings." *Id.* at 15.

Chalcy McClendon testified that she was present "for the most part" at Appellant's trial. She stated that no one from Attorney Allman's office contacted her about being a character witness. *Id.* at 18. She said Appellant asked her if she would testify and asked her whether she would have been willing to testify. She responded affirmatively to both questions. *Id.* When asked if it occurred to her that the trial was almost over and she had not been called to testify, she stated, "I didn't think about it, no." *Id.* at 20. She explained she "guess[ed] they didn't need me as a witness." *Id.*

Shamica McClendon testified that she told Appellant she would testify as a character witness. *Id.* at 22. She claimed she approached Attorney Allman and they discussed the trial. She stated that that Attorney Allman said "she might call me." *Id.*

Christian McClendon testified that he spoke with Appellant about being a character witness. He also stated that he approached Attorney Allman and

asked her about testifying because he was in and out of the trial due to his work schedule. "I told her I could testify on his behalf, and she was supposed to call me, but she never did." *Id.* at 25. He stated that when he asked Attorney Allman why she had not called him as a character witness, "she never gave me a response." *Id.*

Appellant also testified at the hearing. When asked if Attorney Allman discussed the use of character witnesses with him, he replied, "To my knowledge, not that I can recall. All she discussed with me was the defense witnesses." *Id.* at 29. After PCRA counsel clarified that character witnesses would be defense witnesses, Appellant stated that he gave Attorney Allman the names of Chalcy, Shamica, and Christian, along with two others. When asked if he told Attorney Allman that he wanted her to call character witnesses, Appellant testified that they "talked about it, and she told me it probably wouldn't matter if we called the character witnesses, . . . [h]er whole thing was she didn't think they would help me. That was her whole thing." *Id.* at 30.

> The following exchange then took place with the PCRA judge:
>
> THE COURT: There was a point in the proceeding when it became the defense case, and we brought you forward, and one of the questions I asked you was whether you had the opportunity to talk to Ms. Allman about calling witnesses, and I explained to you that there were three types of witnesses. Do you recall that conversation?
>
> APPELLANT: Yes.

THE COURT: One of the things I talked to you about and asked you about was if you had an opportunity to discuss with Ms. Allman character witnesses, and I routinely go through the same conversation about the impact of character witnesses. Do you remember that?

APPELLANT: Yes.

THE COURT: What was your statement?

APPELLANT: I don't even remember my statement.

*Id.* at 31.

By order entered December 17, 2019, the PCRA court dismissed Appellant's petition. This timely appeal followed. The PCRA court did not order the filing of a Rule 1925(b) statement but instead issued a statement in lieu of a Rule 1925(a) opinion on January 24, 2020, indicating that the reasons for dismissing Appellant's petition were set forth in a December 17, 2019 opinion issued in conjunction with its dismissal order.

Appellant presents one issue for our consideration:

I. The PCRA court erred in denying relief because trial counsel was ineffective for failing to call character witnesses during [Appellant's] jury trial to testify to his peaceable, non-violent reputation within the community, where evidence of good care would have established reasonable doubt for the jury[.]

Appellant's Brief at 4 (some capitalization omitted).

As our Supreme Court recently reiterated:

Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. ***Commonwealth v. Mason***, 634 Pa. 359, 130 A.3d 601, 617 (2015). The scope of our review is limited to the findings of

- 8 -

the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. ***Commonwealth v. Hanible***, 612 Pa. 183, 30 A.3d 426, 438 (2011). . . . The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court. ***Mason***, 130 A.3d at 617. However, we review the PCRA court's legal conclusions *de novo*. ***Id.***

***Commonwealth v. Small***, --- A.3d ----, 2020 WL 5833781, at *8 (Pa. October 1, 2020).

The PCRA court recognized that "[i]n the right circumstance, the failure to present available character witness testimony may constitute ineffective assistance of counsel." PCRA Court Opinion, 12/17/19, at 5 (citing ***Commonwealth v. Weiss***, 606 A.2d 439 (Pa. 1992)). However, the failure to call character witnesses is not *per se* ineffectiveness. ***Id.*** (citing ***Commonwealth v. Treiber***, 121 A.3d 435 (Pa. 2015)).

In establishing whether defense counsel was ineffective for failing to call witnesses, appellant must prove:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Treiber***, 121 A.3d at 463-64 (quoting ***Commonwealth v. Puksar***, 951 A.2d 267, 277 (Pa. 2008)).

The PCRA court first acknowledged that each of three proposed character witnesses presented testimony at the evidentiary hearing satisfying the legal requirement that Appellant had a reputation for non-violent behavior.

PCRA Court Opinion, 12/17/19, at 5 (quoting N.T., Evidentiary Hearing, 11/29/17, at 18 (Chalcy: "he wasn't known to be violent in the community"), at 23 (Shamica: "he was known for nonviolence"), and at 27 (Christian: "he was peaceful and nonviolent")). However, as reflected in the quoted excerpt from *Treiber*, to prove ineffectiveness for failing to call a character witness, Appellant must prove that "counsel knew of, or should have known of, the existence of the witness[.]" *Treiber*, 121 A.3d at 464. Here, the PCRA court found the testimony of Attorney Allman "enlightening" and stated he "believe[d] Ms. Allman that she was not aware of these possible character witnesses." PCRA Court Opinion, 12/17/19, at 6.

Specifically, the court observed that Attorney Allman's notes from her meetings with Appellant "did not reveal the names of the three proposed character witnesses. She was asked point blank by PCRA counsel about each name. Ms. Allman responded after checking her notes." *Id.*[5] "The existence of those notes and the information it contains, or, in this case, does not contain, is very helpful when questioned about events that took place several years ago." *Id.* The court continued:

---

[5] We acknowledge the PCRA court's misstatement reflecting that the court "noticed" Attorney Allman looking at her notes from "a few feet away." PCRA Court Opinion, 12/17/19, at 6. As noted above, Attorney Allman participated in the hearing by audio conference. We find the misstatement by the court in an opinion issued more than two years after the hearing to be insignificant. The transcript clearly reflects that she was reviewing her notes in the course of her testimony.

- 10 -

> The court notes Ms. Allman was not a neophyte when it came to this case. She handled [Appellant's] appeal and achieved a rare result—a reversal for prosecutorial misconduct. She then handled the second trial. That is not the norm. As such, her knowledge of this case and all its nuances, was far superior than that possessed by the prosecutor. So, with that background, it is very believable that Ms. Allman recognized early in the game the importance of character witnesses. The court believes her when she testified that the topic was raised with [Appellant] – once in writing and twice in face-to-face conferences. Despite three attempts to make his case that much better, [Appellant] failed to identify any potential character witnesses to his lawyer.

*Id.* (footnote, some capitalization, and citation to evidentiary hearing transcript omitted).

Based on our review, we have determined that the PCRA court's findings of fact, viewed in the light most favorable to the Commonwealth as the prevailing party, as well as the court's credibility determinations, are supported by the record. Further, we find that its conclusions of law are free from legal error. Therefore, we shall not disturb the court's order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/17/2020

- 11 -